IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>vs.<br><br>THE CENTER FOR ASBESTOS RELATED DISEASE, INC., and BNSF RAILWAY COMPANY,<br><br>            Defendants. | CV 21–81–M–DLC<br><br><br>ORDER |

Before the Court are Defendant BNSF Railway Co.'s ("BNSF") Motion to Dismiss (Doc. 8) and Plaintiff Ohio Security Insurance Company's ("OSIC") Motion for Summary Judgment (Doc. 15).

## BACKGROUND

OSIC filed this lawsuit under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking a judgment that it has no duty to defend or indemnify Defendant The Center for Asbestos Related Disease, Inc. ("CARD") in an underlying lawsuit filed in this Court by BNSF against CARD, Case No. CV 19–40–M–DLC (the "Underlying Action"). (Doc. 1.) According to the complaint, BNSF alleges in the Underlying Action that CARD has violated the False Claims Act by allegedly falsely certifying patients as eligible for Medicare coverage for asbestos-related

1

disease.  (*Id.* at 3–7.)  OSIC alleges that BNSF's claims against CARD fall outside the coverage of the insurance policies OSIC has issued to CARD.  (*Id.* at 7–10.)

BNSF moved to dismiss, asserting that the complaint fails to state a claim against it because the complaint does not allege any facts or legal theories that could give rise to any cause of action against BNSF for which OSIC could be granted relief.  (Doc. 9 at 2–5.)  BNSF further argues that it is not a necessary party under Rule 19 of the Federal Rules of Civil Procedure.  (*Id.* at 6–9.)

While BNSF's motion was pending, OSIC filed a motion for summary judgment, arguing that it has no duty to provide defense or indemnity coverage because the allegations in the Underlying Action fall outside the coverage afforded by the insurance policies issued by OSIC to CARD and that it is entitled to recoup costs it has incurred in defending CARD under a reservation of rights.  (Docs. 15, 16.)  CARD filed a response that conceded that there was no coverage under the policies at issue in this case but asserted that CARD has not submitted any bills to OSIC for defense costs and that CARD's demand for recoupment is therefore moot.  (Doc. 20.)  BNSF did not file a response to the motion for summary judgment.  In its reply brief, OSIC concedes that it has not issued payment for any defense invoices to CARD, but it argues that it is still entitled to summary judgment on its claim for recoupment because CARD concedes that OSIC had no duty to defend.  (Doc. 24.)

2

**DISCUSSION**

I.      **BNSF's Motion to Dismiss**

The Court may dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it "fail[s] to state a claim upon which relief can be granted." For OSIC to state a claim for declaratory relief against BNSF, there must be an actual case or controversy within the meaning of Article III of the Constitution between the parties. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126–27 (2007). Even where a controversy exists, the district court has discretion in deciding whether to entertain the declaratory judgment. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994).

OSIC argues that BNSF is a proper party to this declaratory action because, if BNSF prevails in its underlying lawsuit against CARD, and CARD fails to satisfy the judgment, Montana law would permit BNSF to file an action against OSIC as a judgment creditor presenting the same insurance coverage issues at issue in the declaratory action. (Doc. 13 at 3–6.) In reply, BNSF argues that there is no statutory right of direct action against an insured in Montana, and BNSF's underlying lawsuit does not raise any issue of insurance coverage or any other dispute with OSIC. (Doc. 14 at 3–4.)

The Supreme Court held that there was an actual case or controversy between parties similarly situated to OSIC, as an insurer, and BNSF, as a party

3

suing OSIC's insured, where state law provided the underlying plaintiff a statutory right to proceed against the insurer by supplemental process if the insured did not satisfy a judgment in the underlying plaintiff's favor, and the underlying plaintiff could perform the conditions of the insurance policy to prevent lapse of the policy by providing notice of the suit. *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). The court observed that if it held otherwise, it was possible that the federal and state courts would each have to interpret the policy, which could result in divergent coverage determinations. *Id.* at 274. Although BNSF argues that this case is distinct because Montana does not provide it a statutory right to proceed against OSIC if it obtains a judgment against CARD (Doc. 14 at 3–4), BNSF does not dispute that, under Montana law, it could bring suit against an insurer once the liability of the insured has been established, *see Safeco Ins. Co. of Illinois v. Montana Eighth Jud. Dist. Ct., Cascade Cty.*, 2 P.3d 834, 838 (Mont. 2000). Thus, the fact that liability has not yet been determined in the underlying lawsuit does not mean that there is no case or controversy between OSIC and BNSF. *Maryland Cas. Co.*, 312 U.S. at 274.

However, CARD's concession that there is no coverage under the policy at issue (Doc. 20) is a significant factor in the Court's consideration of whether to exercise its discretion to entertain this declaratory judgment action as to BNSF. To decide whether to exercise its discretion, the Court "'must balance concerns of

judicial administration, comity, and fairness to the litigants.'" *Am. States Ins. Co.*, 15 F.3d at 144 (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991)). Given that CARD concedes that there is no coverage and no longer seeks defense or indemnification from OSIC for the underlying lawsuit, the possibility that BNSF would bring suit against OSIC upon obtaining a judgment against CARD appears far more remote than if coverage were contested. Moreover, CARD's concession allows this dispute to be resolved between CARD and OSIC without requiring the Court to interpret the insurance policies at issue on their merits; thus, the interests of judicial administration and fairness to the litigants would be harmed rather than helped by forcing BNSF to litigate the issue of insurance coverage now based on the unlikely possibility that it would seek recovery from OSIC in the future. Because entertaining the declaratory judgment action against BNSF would require expenditure of party and Court resources that likely would prove to be unnecessary, the Court will decline to exercise jurisdiction over the declaratory action against BNSF and will dismiss OSIC's claim against BNSF without prejudice.

## II. OSIC's Motion for Summary Judgment

CARD concedes that there is no coverage under the insurance policies at issue for the Underlying Action. (Doc. 20.) Accordingly, summary judgment for OSIC is warranted on its first cause of action for declaratory judgment that it has

no duty to defend or indemnify CARD in the Underlying Action and may withdraw the defense currently being provided. (*See* Doc. 1 at 7–10.)

OSIC also seeks summary judgment on its claim for recoupment of costs expended on its defense of CARD. (Doc. 16 at 13–15.) Under Montana law, an "insurer may seek to recover the expenses that the insurer incurred in defending a claim outside the insured's policy coverage" in a declaratory action. *Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 434 (Mont. 2013). CARD asserts (Doc. 20 at 1–2)—and OSIC concedes (Doc. 24 at 2)—that no expenses have been "incurred in defending [the] claim outside of the insured's policy coverage[.]" *Id.* OSIC nevertheless seeks summary judgment in its favor on its recoupment claim because it argues CARD's "fail[ure] to oppose [OSIC's] position regarding recoupment . . . operates as an implicit concession that [OSIC] would be entitled to recoupment in the event it paid any defense invoices." (Doc. 24 at 2.) But there is no evidence in the record before the Court that OSIC has incurred any costs in defending CARD in the Underlying Action or that there is any realistic possibility that it will incur such costs in the future; indeed, the record evidence indicates that OSIC has refused to pay any invoices from CARD. (Doc. 22 at 3.) "Under Article III, federal courts do not adjudicate hypothetical or abstract disputes." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). Accordingly, OSIC's motion for summary judgment on its claim for recoupment will be denied.

## CONCLUSION

IT IS ORDERED that BNSF's motion to dismiss (Doc. 8) is GRANTED. OSIC's claims against BNSF are DISMISSED without prejudice.

IT IS FURTHER ORDERED that OSIC's motion for summary judgment (Doc. 15) is GRANTED IN PART as to OSIC's declaratory judgment cause of action and DENIED IN PART as to OSIC's recoupment cause of action.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, the Court DECLARES that OSIC has no duty to defend or indemnify CARD in the Underlying Action.

DATED this 24th day of March, 2022.

/s/ Dana L. Christensen
Dana L. Christensen, District Judge
United States District Court